UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>D-2   MARTIN PERLIN, M.D.<br>Defendant. | CRIMINAL NO. 25-CR-20543<br>HON. JUDITH E. LEVY |

**GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION FOR MODIFICATION OF BOND CONDITION [ECF NO. 22]**

### I.  INTRODUCTION

Defendant Martin Perlin, M.D. ("Defendant") moves this Court to modify the condition of his pretrial release that presently orders him not to bill or cause to be billed any Medicare or Medicaid claims ("Medicare Condition" or "Condition"). Because the Medicare Condition is the least restrictive condition that will reasonably assure the safety of Medicare, Medicaid, and the community, Defendant's motion should be denied.

### II.  RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

The indictment alleges that from September 2021 through July 2025, Defendant conspired with Biricik to commit health care fraud, in violation of 18

U.S.C. §§1349 and 1347. The charges stem from a $500-million-dollar Medicare and private insurance fraud scheme where Defendant was the referring physician for thousands of patients, including Medicare beneficiaries, to receive multiple antigen and PCR COVID-19 test kits. As part of the scheme, beneficiaries would access the online platform at Fast Lab Technologies to order a "free" COVID-19 test kit. Once the beneficiary entered their information, the system automatically populated for the beneficiary to receive 8 antigen and 2 PCR tests, without seeing Defendant.

During the COVID-19 pandemic, CMS allowed beneficiaries to receive one antigen or PCR test without a physician's order. To bill for additional tests, Medicare requires a physician's order by a treating physician or non-physician practitioner (NPP) who uses the tests in the management of the patient's specific medical problem. Defendant falsely attested he was the treating physician, and the test was ordered as part of a treatment plan, when in fact he never saw or treated the beneficiaries.

On July 31, 2025, Defendant made his initial appearance before Magistrate Judge S. Dave Vitti in Connecticut, where he resides. Defendant was given a $250,000 unsecured bond and ordered to report to the Eastern District of Michigan on August 14, 2025.

Defendant was arraigned on Augst 14, 2025 before Magistrate Judge Kimbelry Altman. During the arraignment the government requested, and the court imposed over Defendant's objection, a condition prohibiting Defendant from billing or causing to be billed any Medicare or federal healthcare program claims. (ECF. No. 12, Order Setting Conditions of Release, PageID. 46).

Defendant now argues that the restriction is not narrowly tailored to the allegations in the indictment, namely ordering for COVID-19 tests through Fast Lab Technologies. The Court ordered the government to file its response by October 24, 2025.

### III.   LEGAL STANDARD

Release or detention of a defendant pending trial is governed by the Bail Reform Act.   18 U.S.C. §§ 3062, 3141-50.   Under that statute, a defendant may be released on the "least restrictive" conditions that the judicial officer determines will "reasonably assure the appearance of the defendant" and guard against danger to the "safety of any other person or the community." 18 U.S.C. § 3142(c)(1)(B). A magistrate judge's order setting the conditions of release is subject to *de novo* review.   *See United States v. Delacruz*, No. 15-CR-30393, 2015 WL 5216210, at *1 (E.D. Mich. Aug. 28, 2015) (Drain, J.)

### IV.   ARGUMENT

Based on the Indictment's serious health care fraud allegations, the

Medicare Condition is the "least restrictive" condition that will "reasonably assure" the safety of the federal health care programs and the community. *See* 18 U.S.C. § 3142(c)(1)(B). The Bail Reform Act enumerates a (not exclusive) variety of conditions that a court may find appropriate in ensuring that the objectives of bail are met, followed by a general condition of "any other condition that is reasonably necessary" to ensure community safety. 18 U.S.C. § 3142(c)(1)(B). Among the specific conditions is one that requires the defendant to "avoid all contact with an alleged victim of the crime"—here, Medicare—as well as with any "potential witness who may testify concerning the offense"—in this case, the Medicare beneficiaries, and the individuals Defendant worked with and managed as the medical Director at Fast lab Technologies. *Id*. § 3142(c)(1)(B)(v).

The Medicare Condition thus mirrors the condition in subsection (v). Granting Defendant permission to continue billing the alleged victim, even for different services, would thwart the intentions of the Bail Reform Act and expose the community to undue economic harm. *See, e.g.*, *United States v. Judd*, No. 21-20600, 2021 U.S. Dist. LEXIS 222516, at *3 (E.D. Mich. Nov. 18, 2021) (imposing Medicare Condition because "[t]he intent is to prevent the defendant from exposing the community to undue economic harm") (Parker, J.); *United States v. Mok*, No. 20-mj-30163, 2020 WL 2528671, at *2 (E.D. Mich. May 18,

4

2020) (imposing Medicare Condition) (Drain, J.).

Recognizing this harm, courts within this District have routinely imposed some version of the Medicare Condition on defendants charged with health care fraud. This District has imposed this Condition on physicians who were charged with committing health care fraud. *See, e.g.*, *United States v. Malas*, 2:23-cr20063, ECF Nos. 9, 31 (Medicare Condition imposed on defendant physicians alleged to have falsified homebound certifications); *United States v. Widlansky*, 2:23-cr-20054, ECF No. 7 (same); *United States v. Abou-Rass*, 2:21-cr-20623, ECF No. 5 (same); *United States v. Al-Shihabi*, 2:25-cr-20450, ECF No. 10 (same).

Courts in this District have imposed the Medicare Condition for more than a decade and across a range of health care fraud cases. *See, e.g.*, *United States v. Eid*, No. 16-cr-20594 (E.D. Mich.), ECF No. 43 (imposing Medicare Condition on defendant involved in pharmacy scheme) (Goldsmith, J.); *United States v. Bentley*, 16-cr-20432 (E.D. Mich.), ECF No. 20 (imposing Medicare Condition on defendant owner of billing company who submitted false and fraudulent claims) (Cox, J.); *United States v. Shahid Tahir*, 15-cr-20351 (E.D. Mich.), ECF Nos. 18, 21, 30, 33(Medicare Condition imposed on four defendants in home health agency conspiracy) (Cox, J.); *United States v. Trotter, et al.*, 14-CR-20273, ECF Nos. 6, 9, 29, 32 (E.D. Mich.) (imposing Medicare

5

Condition on various defendants, including physicians and owners of medical billing company) (Steeh, J.); *United States v. Waldo*, 19-cr20653, ECF Nos. 56, 93 (imposing Medicare Condition on patient recruiter in connection with home health agency conspiracy who agreed to personally receiving around $566,500 in kickback payments).

Against this District's well-settled practice and precedent, Defendant claims that the current Medicare Condition is not the "least restrictive" because it is not narrowly tailored to the specific allegations of fraud charged in the Indictment and it "severely" restricts his ability to maintain lawful employment.

Defendant contends the Condition "lacks a sufficient nexus to the charged conduct and it exceeds what is necessary to protect the integrity of the federal programs". (ECF. 22, Motion, PageID. 151). Defendant wrongly relies on *United States v. Bhardwaj*, Case No. 2:25-20452-MAG-DRG (E.D. MICH). In Bhardwaj, the defendant was charged with signing documentation for a discrete number of patients to receive home health services and her conducted was minimal in comparison to her co-defendants.

Here, Defendant engaged in a systemic and significant volume of health care fraud.  (*See. Judd*, 2021 U.S. Dist. LEXIS 222516, *3 (E.D. Mich. Nov. 18, 2021).)   Defendant played a significant role in a large-scale fraud scheme with Medicare/Medicaid victims in all 50 states. Defendant referred thousands of

6

patients to receive COVID-19 tests kits, which he certified to Medicare/Medicaid that he was utilizing to treat the patients, when in fact he never saw or treated the patients. Medicare/Medicaid are trust based systems, and the grand jury found probable cause that the Defendant abused that trust by submitting or causing the submission of a half billion dollars in fraudulent claims.

Further, Defendant works for "*several* telehealth/telemedicine companies" where he might treat Medicare/Medicaid patients for issues related to COVID-19, however Defendant could easily circumvent a "narrower" restriction and fraudulently bill for a different claim, and it would be nearly impossible for Medicare/Medicaid to detect the fraud. (See ECF. 22, Motion, PageID. 151). The government has no way to verify the legitimacy of the claims he wishes to submit, nor the medical necessity of the treatment rendered in support of the claims. The current Medicare Condition is the least restrictive to protect the victim.

Additionally, Defendant has set forth no affidavit or adduced any evidence in support of his assertion that the Condition restricts his ability to maintain lawful employment. Instead, Defendant readily admits that only a small fraction of his telehealth patient population includes Medicare/Medicaid beneficiaries,

7

therefore most of Defendant's telehealth patients have private insurance which he can bill for legitimate and medically necessary claims.

The Medicare Condition is necessary to ensure the safety of the community and the victim by preventing Defendant from taking any action that undermines Medicare/Medicaid's efforts to protect its assets.

## V.  CONCLUSION

For the reasons stated herein, the Court should deny Defendant's motion.

Respectfully submitted,

JEROME F. GORGON, JR.
United States Attorney

s/Regina R. McCullough
Regina R. McCullough
Ryan A. Particka
Assistant United States Attorneys
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9618

Dated: October 24, 2025
Email: regina.mccullough@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that on the 24th, day of October, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the all counsel of record.

      s/REGINA R. MCCULLOUGH
Assistant United States Attorney
211 W. Fort St., Ste. 2001
Detroit, Michigan 48226
Phone: (313) 226-9618
Email: regina.mccullough@usdoj.gov
Bar No.: P64936